**Sherita Sherall OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–232–CR.**

Court of Appeals of Texas,
Waco.

Jan. 19, 2000.

Jim Shaw, Ft. Worth, for appellant.

Patrick C. Batchelor, Criminal and Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

The court convicted Sherita Sherall Oliver in a bench trial of unlawfully carrying a weapon. *See* TEX. PEN.CODE ANN. § 46.02(a) (Vernon Supp.2000). The court sentenced her to one year in the county jail and a $1,000 fine, suspended imposition of sentence, and placed her on community supervision for two years. Oliver claims in a single point that the court erred in admitting evidence seized in connection with her arrest because the State never produced the warrant and supporting affidavit on which the State claims to have arrested her.

## BACKGROUND

The arresting officer stopped the extended-cab pickup in which Oliver was a passenger for speeding. The officer arrested the driver of the pickup because he did not have a valid driver's license then returned to the vehicle to see if any of the three other occupants had a valid license and could drive it. Oliver handed the officer her identification card and told him she did not have a driver's license. The dispatcher informed the officer that Oliver was wanted for arrest warrants pending in Fort Worth. After "confirming" the warrants, the officer arrested Oliver.

Oliver objected at this point to any further testimony concerning her arrest and the officer's subsequent search of the pickup. She argued that the State had to produce the Fort Worth arrest warrants to the trial court so it could rule on their validity. The State responded that sufficient probable cause for arrest existed because the officer acted in good faith reliance on the dispatcher's information. The court overruled Oliver's objection.

As the officer patted down Oliver's clothing for weapons, she reached into her front jacket pocket and produced an unloaded .45 caliber ammunition clip. The court granted Oliver a running objection to the officer's testimony. When Oliver handed the officer the clip, he asked her if there was a gun in the truck or on her person. She replied that there was not. The officer placed her in his patrol car.

He then returned to the pickup and asked the remaining occupants if either of them had a valid driver's license. He also asked them if there was a gun in the truck. Both denied the presence of a gun. Although one of the remaining occupants had a valid license, dispatch informed the officer that he had an arrest warrant pending in Fort Worth.[1] Accordingly, the officer arrested him.

---

1. The State presented no testimony as to the fourth occupant of the pickup.

After removing the two remaining occupants from the pickup, the officer conducted a search and recovered a loaded .45 caliber handgun from the left rear floorboard, in front of where Oliver had been seated. After recovering the weapon, the officer returned to his patrol car and advised Oliver and the other occupants of their *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444–45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); Tex. Code Crim. Proc. Ann. art. 38.22, §§ 2(a), 3(a)(2) (Vernon 1979 & Supp.2000). He then asked them to whom the handgun belonged. The prosecutor asked whether Oliver had claimed possession of the weapon. After Oliver objected to the admission in evidence of any testimony concerning oral custodial statements, the State withdrew the question. However, the court did permit the officer to testify over objection that Oliver told him the clip had been left in the pickup by two hitchhikers.

## PRODUCTION OF ARREST WARRANT

Oliver contends in her sole point of error that the court erred in admitting any evidence seized in connection with her arrest because the State failed to produce the warrant and supporting affidavit on which it claims to have arrested her.

The State responds that Oliver has failed to properly preserve this issue for appellate review because she did not file a motion to suppress the evidence or request a pretrial suppression hearing. Relying on *Rumsey v. State*, 675 S.W.2d 517 (Tex. Crim.App.1984), the State also suggests that because Oliver had equal access to the warrants, she could have presented them to the trial court for consideration. We disagree with both contentions.

■ Regardless of whether an accused files a pretrial motion to suppress evidence, the accused retains the right to object at trial to evidence she alleges to have been unlawfully seized. *See Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim.App.1988). Thus, Oliver could wait until trial to challenge the validity of the arrest warrants.

In *Rumsey*, the Court stated:

[W]hen a defendant challenges the validity of an arrest or search, and the State produces a warrant valid on its face, the burden is on the defendant to go forward with such proof as he may produce to show the invalidity of the warrant, and this includes ... production of any affidavit he may wish to attack.

*Rumsey*, 675 S.W.2d at 520–21. Three years later however, the Court "disavowed" the part of *Rumsey* "that places the burden of producing the contested supporting affidavit on the defendant." *Miller v. State*, 736 S.W.2d 643, 648 (Tex. Crim.App.1987).

■ Accordingly, when the State justifies an arrest on the basis of a warrant, it must produce the warrant and supporting affidavit to the trial court if the validity of the arrest is challenged. *Etheridge v. State*, 903 S.W.2d 1, 19 (Tex.Crim.App. 1994); *Miller*, 736 S.W.2d at 648. This procedure allows the trial court to review the documents and determine whether probable cause exists and whether the accused's rights have been protected. *Etheridge*, 903 S.W.2d at 19; *Garrett v. State*, 791 S.W.2d 137, 140 (Tex.Crim.App.1990).

■ Courts have excused the State from compliance with this production requirement if the State introduces testimony from the magistrate who issued the warrant, the officer who presented the probable cause affidavit for the warrant, or another witness familiar with the factual basis for the warrant. *See, e.g., Etheridge*, 903 S.W.2d at 19 (magistrate); *Garrett*, 791 S.W.2d at 141 (parole case worker); *Dorsey v. State*, 964 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (officer who presented affidavit and complaint "containing a short narrative" of facts in affidavit). Presentation of such other evidence suffices if the accused has opportunity to cross-examine the witness concerning the validity of the warrant and

the "trial court ha[s] adequate opportunity to determine whether probable cause existed." *Etheridge*, 903 S.W.2d at 19.

■ The State did not produce Oliver's arrest warrants or any other evidence related to the validity of the warrants. This "does not end our inquiry," however. *Miller*, 736 S.W.2d at 648. "[W]e must now examine the circumstances surrounding acquisition of [the evidence in question]" and determine whether the search and seizure was sufficiently attenuated from the tainted[2] arrest to allow admission of the evidence. *Gant v. State*, 649 S.W.2d 30, 33 (Tex.Crim.App.1983); *accord Miller*, 736 S.W.2d at 649–51. We examine these circumstances in light of the factors set forth in *Brown v. Illinois*. *Id.* (both citing *Brown v. Illinois*, 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975)).

■ In *Brown*, the United States Supreme Court enunciated the following factors to be considered in determining whether the taint of an unlawful arrest has been sufficiently attenuated to justify admission of evidence seized in connection with the tainted arrest:

- whether *Miranda* warnings were given;
- the temporal proximity of the arrest and the evidence;
- the presence of intervening circumstances; and
- the purpose and flagrancy of the official misconduct.

*Brown*, 422 U.S. at 603–04, 95 S.Ct. at 2261–62; *Dowthitt v. State*, 931 S.W.2d 244, 261 (Tex.Crim.App.1996).

### *Miranda* Warnings

■ We employ the first factor only in cases in which the evidence sought to be suppressed is testimonial in nature. *See*

*Brown*, 422 U.S. at 603–04, 95 S.Ct. at 2261–62; *Dowthitt*, 931 S.W.2d at 261; *Holmes v. State*, 962 S.W.2d 663, 669 (Tex. App.—Waco 1998, pet. ref'd, untimely filed). In this case, Oliver complains in part about the admission in evidence of her statement that hitchhikers had left the clip in the pickup and her denial of the existence of a handgun in the pickup. Oliver made these statements before receiving the *Miranda* warnings but after her arrest.

■ However, the protections of article 38.22 and the state and federal constitutions do not apply to custodial statements "which are not confessional in nature and which do not implicate the accused in the offense." *Burns v. State*, 807 S.W.2d 878, 882 (Tex.App.—Corpus Christi 1991, pet. ref'd). Both of Oliver's statements appear to fit within this exception to the statutory and constitutional exclusionary rules on which she relies. Therefore, because her statements are not confessional, they are admissible notwithstanding the tainted arrest.

### Temporal Proximity

The officer's recovery of the ammunition clip and the handgun took place in close temporal proximity to the arrest. Thus, this factor weighs against the State. However, intervening circumstances can operate to minimize this factor. *See Holmes*, 962 S.W.2d at 669; *Matienza v. State*, 699 S.W.2d 626, 628 (Tex.App.—Dallas 1985, pet. ref'd).

### Intervening Circumstances

■ The "intervening circumstances" surrounding Oliver's arrest appear dispositive in this case. Oliver does not dispute that the officer validly stopped the pickup in response to a traffic violation. Because she was a passenger in a

2. We usually refer to an arrest as "tainted" when the circumstances do not support a finding of probable cause or when the arresting officer engaged in some form of misconduct. The record in this case does not dis-

close such a taint. Rather, Oliver's arrest is "tainted" by the State's failure to produce the warrants or any other evidence demonstrating that either of the warrants was based on probable cause.

lawfully stopped vehicle, the officer could properly detain her for investigative purposes. *See Rhodes v. State,* 945 S.W.2d 115, 117 (Tex.Crim.App.1997); *Josey v. State,* 981 S.W.2d 831, 837–38 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). The officer stopped the pickup at about 11 o'clock at night while on patrol by himself. Based on these facts, the number of occupants in the truck, and his need to arrest the driver, we conclude he acted reasonably in conducting a protective search of Oliver. *See Rhodes,* 945 S.W.2d at 117–18; *Josey,* 981 S.W.2d at 839–40.

After finding Oliver in possession of the clip, the officer could reasonably believe that a handgun might be in the pickup. *See Goodwin v. State,* 799 S.W.2d 719, 728 (Tex.Crim.App.1990); *Hurtado v. State,* 881 S.W.2d 738, 742–43 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Thus, the officer acted reasonably in searching the pickup for a weapon. *Id.*

### Purpose and Flagrancy of Misconduct

When considering this factor, we begin by observing that the record contains no evidence to indicate that the arresting officer engaged in any misconduct. The officer certainly had the right to arrest Oliver on the basis of the dispatcher's information that she had outstanding warrants.[3] *See, e.g., Haley v. State,* 480 S.W.2d 644, 645 (Tex.Crim.App. 1972); Tex.Code Crim. Proc. Ann. art. 15.26 (Vernon 1977). Moreover, because the officer had reasonable suspicion apart from the purported arrest warrants to search

for weapons, we conclude that his recovery of the clip and the handgun was not tainted by "purposeful or flagrant misconduct."

### Summary

Because the officer developed reasonable suspicion independent of the warrants which are the stated basis for Oliver's arrest, we conclude that the recovery of the evidence was sufficiently attenuated from the arrest to allow admission of the evidence.[4] *See Miller,* 736 S.W.2d at 651; *Gant,* 649 S.W.2d at 34–35. Because Oliver's statements are not confessional, they are admissible notwithstanding her tainted arrest. *See Burns,* 807 S.W.2d at 882. For these reasons, the court did not err in admitting the evidence in question. Accordingly, we overrule Oliver's sole point of error.

We affirm the judgment.

---

3. The State contends that Oliver's arrest was lawful because the officer acted in good faith reliance on the warrants of which the dispatcher informed him. However, the good faith exception to the exclusionary rule applies only when the State demonstrates that the officer acted "in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." Tex.Code Crim. Proc. Ann. art. 38.23(b) (Vernon Supp. 2000); *see State v. Martin,* 833 S.W.2d 129, 130 n. 2 (Tex.Crim.App.1992); *Carroll v. State,* 911 S.W.2d 210, 223 (Tex.App.—Austin 1995, no pet.). Thus, the State cannot rely on

this exception unless it produces the warrant and supporting affidavit or other evidence demonstrating that the warrant was based on probable cause.

4. Because an independent basis exists to support the officer's search of the pickup, the State suggests that we should uphold the search under the inevitable discovery rule. However, there is no inevitable discovery exception to the exclusionary rule of article 38.23. *State v. Daugherty,* 931 S.W.2d 268, 273 (Tex.Crim.App.1996).