

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00119-CR

**DANNY DEMON AUSTIN,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the County Court
Navarro County, Texas
Trial Court No. C34404-CR**

## MEMORANDUM  OPINION

In two issues, appellant, Danny Demon Austin, argues that:  (1) the trial court

erred in denying his motion to suppress drug evidence that was found and seized; and

(2) the evidence supporting his conviction for unlawful possession of a controlled

substance in an amount less than one gram in a drug-free zone is insufficient because

the original indictment was not amended.  We affirm.

## I. BACKGROUND

On the day in question, narcotics officers from the Navarro County Drug Task Force were assisting other officers with an incident at 113 North 4th Street in Corsicana, Texas. While at the scene, two of the narcotics officers, Sergeant Clint Andrews and Detective Garrett Harrell, observed appellant standing across the street. Both Sergeant Andrews and Detective Harrell were familiar with appellant from prior encounters. Furthermore, both Sergeant Andrews and Detective Harrell testified at trial that they knew that appellant had a warrant out for his arrest. This knowledge was based on a warrant list that was distributed at the police department and based on confirmation with dispatch.

Subsequently, Sergeant Andrews and Detective Harrell made contact with appellant. The officers confirmed appellant's arrest warrant with dispatch and notified appellant that there was a warrant out for his arrest. Thereafter, the officers arrested appellant; however, while in the process of the arrest, appellant pulled items from his pocket and attempted to give the items to his girlfriend. Among those items was a Marlboro black box of cigarettes. Sergeant Andrews intervened and seized the cigarette box. Inside the cigarette box, Sergeant Andrews located several blue baggies that resembled "narcotics baggies" with "king's crown" logos. The officers believed that one of the baggies contained methamphetamine. Subsequent testing revealed that one of the baggies contained a trace amount of methamphetamine.

After finding the baggy allegedly containing methamphetamine, officers charged appellant with unlawful possession of a controlled substance in an amount less than

one gram in a drug-free zone. Specifically, the initial indictment alleged that appellant "intentionally or knowingly possess[ed] a controlled substance, namely, cocaine, in an amount less than one gram" within "1,000 feet of the premises owned, rented, or leased by Little Angels Daycare, a day-care center, to wit: Little Angels Daycare located at 219 North 5th Street, in the City of Corsicana, Texas . . . ."

On June 29, 2012, the State filed a motion to amend the indictment to reflect that the controlled substance in question was methamphetamine, not cocaine. The trial court granted the State's June 29, 2012 motion to amend the indictment. On November 27, 2012, the State filed a second motion to amend the indictment. In this filing, the State sought to amend the indictment to reflect that appellant committed the offense within 1,000 feet of the "Boys & Girls Club of Navarro County, located at 1000 G.W. Jackson Ave.," rather than the Little Angels Daycare.

The trial court's docket sheet reflects that a hearing on the State's second motion to amend the indictment was conducted on December 12, 2012, and that the trial court granted the State's motion.[1] The clerk's record, however, does not contain a written order granting the State's second motion to amend the indictment, nor does the record contain an interlineated indictment.

In any event, appellant later filed a motion to suppress evidence seized by law enforcement and any written and oral statements appellant made. In particular, in his

---

[1] The docket sheet indicates that appellant was not present for a portion of the December 12, 2012 hearing on the State's second motion to amend the indictment; however, appellant's trial counsel was present for the hearing, and the docket sheet reflects that appellant "appeared late" for the hearing.

motion to suppress, appellant asserted that: "There was not a lawful warrant, probable cause[,] or other lawful authority to detain Defendant."

A bench trial commenced. At the beginning of the trial, the trial court indicated that it would consider appellant's motion to suppress during the trial. At the conclusion of the evidence, the trial court denied appellant's motion to suppress and found appellant guilty of the charged offense, and after appellant pleaded "true" to an enhancement paragraph contained in the indictment, the trial court assessed punishment at sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[2] The trial court also certified appellant's right of appeal, and this appeal followed.

## II.    MOTION TO SUPPRESS

In his first issue, appellant contends that the trial court erred in denying his motion to suppress because the State failed to produce evidence of probable cause or a recognized exception to the requirement of probable cause. Additionally, appellant asserts that the State cannot rely on the inventory exception to the probable-cause requirement because the State failed to produce a warrant authorizing appellant's arrest.

---

[2] On October 22, 2012, the State filed a notice of its intent to enhance the punishment range associated with the charged offense. In this notice, the State referenced appellant's 2002 felony conviction for unlawful possession of a controlled substance in an amount more than one gram but less than four grams.

**A.      Standard of Review**

We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion, using a bifurcated standard. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review de novo the trial court's determination of the law and its application of law to facts that do not turn upon an evaluation of credibility and demeanor. *Id.* When the trial court has not made a finding on a relevant fact, we imply the finding that supports the trial court's ruling, so long as it finds some support in the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); *see Moran v. State*, 213 S.W.3d 917, 922 (Tex. Crim. App. 2007). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

When ruling on a motion to suppress, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the ruling. *Garcia-Cantu v. State*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

**B.      Discussion**

On appeal, appellant acknowledges that the State relied on the inventory exception to the probable-cause requirement; however, appellant emphasizes that the State's reliance on this exception is unfounded because the State did not produce a valid arrest warrant for appellant. We disagree.

"When a defendant seeks to suppress evidence on the basis of an illegal arrest, the initial burden of proof is placed on the defendant to rebut the presumption of proper conduct." *Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009) (per curiam) (citing *McGee v. State*, 105 S.W.3d 609, 613 (Tex. Crim. App. 2003); *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986)). "The defendant may satisfy this burden by establishing that he was arrested without a warrant." *Id.* "Once this is shown, the burden shifts to the State to either produce evidence of a warrant or prove the reasonableness of the arrest." *Id.*

At trial, both Sergeant Andrews and Detective Harrell testified that a valid arrest warrant had been issued for appellant. Detective Harrell stated that: "We have a warrant list that's distributed. When we somebody [sic], if we come across them, we will go make contact to them—with them. Once we make contact with them, we'll check, through Dispatch, and make sure the Warrant is still good." Detective Harrell testified that appellant was informed he was being arrested pursuant to a warrant. Later, Sergeant Andrews specifically mentioned the following:

> We currently get a Warrant List, in our department, shows whoever, in our county, has outstanding warrants. We review that list, pretty—I guess you'd say every other day or every day, something of that nature—just names on a list—I observed him [appellant], in plain view, across the

street from the location we were at, knew who he was, knew he had an outstanding warrant when we made contact with him.

And because of the warrant list, Sergeant Andrews knew when he went out that morning that appellant had an outstanding warrant. Like Detective Harrell, Sergeant Andrews recounted that appellant's arrest warrant was verified with dispatch to confirm that the arrest warrant was still valid and that this process is done for every warrant.

During closing argument at trial, appellant did not complain about the State's failure to produce an arrest warrant for appellant. Instead, appellant focused his closing argument on: (1) the lack of probable cause and justification to search the cigarette box; (2) chain of custody issues; and (3) the measurement from where appellant was arrested to the Boys and Girls Club. And, at the conclusion of arguments and the evidence, the trial court denied appellant's motion to suppress, stating the following, among other things: "After reviewing the evidence of the law, the Court is going to find that there was a valid search based on the evidence. That that was a valid warrant, in which the police officer relied in good faith upon. That the officer used the Standard Procedure."

Based on our review of the record, appellant did not establish "that he was arrested without a warrant." *See Young*, 283 S.W.3d at 872. The mere mentioning in his motion to suppress that there "was no lawful warrant" does not establish that appellant was not arrested pursuant to a valid warrant. Moreover, both Sergeant Andrews and Detective Harrell testified that they confirmed with dispatch that appellant was arrested

under a valid warrant. Whether a valid arrest warrant existed was a mixed question of law and fact that turned on the credibility and demeanor of Sergeant Andrews and Detective Harrell, and because the testimony supports the trial court's finding that a valid warrant existed, we must give "almost total deference" to the trial court's finding. *See Guzman*, 955 S.W.2d at 89. Furthermore, because appellant was arrested pursuant to a valid warrant, police could search appellant's person as a search incident to the lawful arrest. *See New York v. Belton*, 453 U.S. 454, 460-62, 101 S. Ct. 2860, 2864-65, 69 L. Ed. 2d 768 (1981) (noting that a search incident to an arrest can include not only the person, but also containers, as long as the containers are "within the arrestee's immediate control"); *United States v. Robinson*, 414 U.S. 218, 236, 94 S. Ct. 467, 477, 38 L. Ed. 2d 427 (1973) (holding that the search of appellant's person incident to arrest under a valid warrant was permissible under established Fourth Amendment law); *State v. Gray*, 158 S.W.3d 465, 470 (Tex. Crim. App. 2005) (en banc); *see also Barron v. State*, No. 05-10-00703-CR, 2011 Tex. App. LEXIS 4609, at *10 (Tex. App.—Dallas June 15, 2011, pet. ref'd) (mem. op., not designated for publication) (stating that the parameters of the search are not limited to a cursory, superficial search, and upon discovering a bag in the arrestee's pocket, the officer is entitled to inspect it).

Despite this, appellant cites the *Oliver* case from this Court to demonstrate his motion to suppress should have been granted because the State failed to produce a valid arrest warrant for appellant. *See generally* 10 S.W.3d 411 (Tex. App.—Waco 2000, no pet.). In *Oliver*, the appellant objected in trial to the fact that the State did not produce the warrant and supporting affidavit on which it claimed to have arrested her.

*Id.* at 414.  However, in this case, appellant never objected to or specifically questioned the existence of the arrest warrant in the trial court.  Accordingly, we do not find the *Oliver* case to be applicable to this matter.

Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion in denying appellant's motion to suppress.  *See Crain*, 315 S.W.3d at 48; *Guzman*, 955 S.W.2d at 88-89.  And as such, we overrule appellant's first issue.

### III.   THE INDICTMENTS

In his second issue, appellant argues that the evidence supporting his conviction is insufficient because the second indictment was never amended to reflect that appellant possessed methamphetamine within 1,000 feet of the Boys and Girls Club, and because the State did not present any evidence indicating that appellant possessed methamphetamine within 1,000 feet of the Little Angels Daycare.

Recognizing an error with regard to the location requirement for the charged offense of unlawful possession of a controlled substance in an amount less than one gram in a drug-free zone, the State moved to amend the second indictment to allege that appellant possessed the methamphetamine within 1,000 feet of the Boys and Girls Club, rather than the Little Angels Daycare.  The docket sheet indicates that the trial court granted the State's motion to amend.  Additionally, it is clear from the record that the case was tried under the indictment pertaining to the Boys and Girls Club.[3]  In any

---

[3] Indeed, prior to trial, the State read the amended indictment, which included the allegation that appellant unlawfully possessed methamphetamine in an amount less than one gram in a drug-free zone—within 1,000 feet of the Boys and Girls Club of Navarro County.  Appellant did not object to the

event, no formal amendment was made by changing the indictment itself.[4] Furthermore, the clerk's record does not contain the amended indictment. Thus, appellant contends that the record does not sufficiently demonstrate that the indictment was amended; and as such, the original indictment did not provide accurate information as to the charges against him required by article 1, section 10 of the Texas Constitution. *See* TEX. CONST. art. 1, § 10.

Article 1.14 of the Texas Code of Criminal Procedure provides that a defendant waives the right to object to a defect, error, or irregularity of form or substance in an indictment if he does not object before the date on which the trial on the merits commences. TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005); *see Fisher v. State*, 887 S.W.2d 49, 54 (Tex. Crim. App. 1994) ("[W]e construed the amendment to article V, § 12 of the Texas Constitution and to article 1.14 of the Code of Criminal Procedure as providing that defects of substance or form contained in an indictment must be objected to at trial or are waived. A defect of substance includes the omission of a required element or elements of the offense charged. Therefore, the failure of an indictment to allege all of the elements of an offense is waived in the absence of an objection

---

indictment, nor did he move to quash this indictment; instead, appellant pleaded "not guilty" to the charge, and the trial proceeded.

[4] We recognize that, in *Riney v. State*, the Court of Criminal Appeals rejected the holding in *Ward v. State*, 829 S.W.2d 787 (Tex. Crim. App. 1992) that "the only effective means of accomplishing an amendment was by interlineation; the actual, physical alteration of the face of the charging instrument." 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000) (holding that an interlineation on the original or a copy of the indictment is not the only acceptable method of accomplishing an amendment; however, the language of the amended indictment must be memorialized in a written document and the amendment must be granted by the trial court). And more recently, in *Perez*, the Court of Criminal Appeals reaffirmed an intent to follow *Riney* and move away from the strict holding of *Ward*. *Perez v. State*, No. PD-1380-13, ___ S.W.3d. ___, 2014 Tex. Crim. App. LEXIS 742, at **9-11 (Tex. Crim. App. May 14, 2014).

thereto."); *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990) (holding that the failure to make a pre-trial objection to a substantive error in the charging instrument waives the error); *see also Estrada v. State*, No. 08-04-00365-CR, 2006 Tex. App. LEXIS 7087, at **6-7 (Tex. App.—El Paso Aug. 10, 2006, pet. ref'd) (not designated for publication) ("To be considered timely, a motion to quash must be filed before the date on which a trial on the merits commences. . . . Ordinarily, if a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which a trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding" (internal citations & quotations omitted)); *Trevino v. State*, No. 13-98-150-CR, 1999 Tex. App. LEXIS 6643, at **2-3 (Tex. App.—Corpus Christi Aug. 31, 1999, no pet.) (not designated for publication).

Appellant's failure to object to the form or substance of the indictment or the process of amending the indictment prior to the day of trial constituted a waiver of error, if any. *See* TEX. CONST. art. V, § 12(b); *Fisher*, 887 S.W.2d at 54; *Watson v. State*, 923 S.W.2d 829, 833 (Tex. App.—Austin 1996, pet. ref'd) ("Appellant's complaint about an irregularity in the indictment is raised for the first time on appeal. His failure to object to the form or substance of the indictment prior to trial constitutes a waiver of the error, if any."). In other words, by failing to object or moving to quash the indictment before the date of his trial, we conclude that appellant has waived his complaint in this issue. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14; *Fisher*, 887 S.W.2d at 54; *Watson*, 923 S.W.2d at 833. We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed July 31, 2014
Do not publish
[CR25]