

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00066-CR

———————————————————

KIMBERLY ANN BROWN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1734131D

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

## I. Introduction

Appellant Kimberly Ann Brown was convicted by a jury of possession of methamphetamine (four grams or more but less than 200 grams) and MDMA ("ecstasy") (one gram or more but less than four grams). Brown pleaded true to a habitual offender notice, and the trial court sentenced her to two concurrent terms of forty years in prison. Brown appeals, raising two issues.

## II. Background

Brown ran a stop sign while driving her motorcycle through a four-way intersection in Kennedale. Corporal Chandra Cohea witnessed this infraction, turned on her overhead lights, and pulled Brown over. Cohea had trouble reading the paper license tag on the back of the motorcycle because it was old, barely legible, and as it turned out, expired. Brown stopped her motorcycle and identified herself to Cohea.

Because Cohea was unable to read the license tag, she asked for the motorcycle's registration, proof of insurance, and Brown's driver's license. Brown did not have any of those things. Brown explained that the title for the motorcycle was lost or stolen. She said that the motorcycle belonged to her, but it was in her brother's name. Cohea ran Brown's name through dispatch and discovered that there were warrants for her arrest. She then called for backup. Cohea arrested Brown pursuant to the warrants and placed her in the back of the patrol car.

Cohea began to inventory the items attached to the motorcycle in advance of the bike's eventual towing. These items included two saddlebags, a purse that Brown had left behind, and a lockbox that was on top of the gas tank. Neither the saddlebags nor the purse contained anything of interest. Despite having a combination lock, the box on the tank was unlocked, and the lid was easily flipped open. Inside the box were several bags containing what Cohea believed to be methamphetamine. Laboratory tests eventually confirmed that the bags contained more than four grams of methamphetamine and more than one (but less than four) grams of MDMA.

### III. The State's Failure to Produce an Arrest Warrant

In her first issue, Brown complains that the drugs admitted at trial were the product of an illegal search—specifically, that the search was predicated on Brown's arrest under a warrant that the State failed to produce in court. Brown filed a motion to suppress before trial in which she disputed the propriety of her arrest, in part because there was no arrest warrant. The trial court, after hearing argument, overruled Brown's motion.

Although the State failed to adequately demonstrate at trial that Brown was arrested pursuant to a valid warrant, her arrest was objectively permissible because she had committed four traffic offenses within the view of the arresting officer. Therefore, we overrule her issue.

3

## A. Standard of Review

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We defer almost totally to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on evaluating credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

## B. Analysis

If the State intends to justify an arrest based on a warrant, it must produce the warrant and its supporting affidavit for inspection by the trial court. *Etheridge v. State*, 903 S.W.2d 1, 19 (Tex. Crim. App. 1994). The requirement of production allows the trial court to inspect the documents and determine whether probable cause existed. *Id.* The State may be excused from its failure to produce a warrant if it can produce evidence that ample probable cause supported issuance of the alleged warrant. *Dorsey v. State*, 964 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Here, the State wholly failed to produce Brown's arrest warrant, the probable cause affidavit, any testimony that would have demonstrated probable cause for the issuance of the warrant, or even an identification of the charges levied against Brown

4

in the alleged warrant. The State's response to the lack of a warrant is that Cohea acted in good faith by relying on the dispatcher's statement to her that an arrest warrant for Brown existed. But for good faith to apply, the State must demonstrate that Cohea acted "in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." Tex. Code Crim. Proc. Ann. art. 38.23(b). The warrant's absence is fatal to the State's assertion of good faith. *See Burks v. State*, 454 S.W.3d 705, 709 (Tex. App.—Fort Worth 2015, pet. ref'd) ("Because there was no warrant in this case, the statutory exception in article 38.23(b) does not apply."). The absence of a warrant in Brown's case means that the State may not rely on "good faith" to justify Cohea's arrest of Brown. *See Oliver v. State*, 10 S.W.3d 411, 416 n.3 (Tex. App.—Waco 2000, no pet.) (holding that State was unable to rely on good faith to justify arrest and subsequent search incident to arrest where it was unable to produce the warrant or other evidence demonstrating that the warrant was based on probable cause).

But our analysis does not end there. According to Cohea, Brown committed four traffic violations: running a stop sign, failing to present a driver's license, failing to present proof of financial responsibility, and failing to display proof of registration. *See* Tex. Transp. Code Ann. §§ 544.010(a) (operator must stop at stop sign); 521.025(a)(1) (requirement that operator carry license while operating motor vehicle); 601.053(a) (operator must provide evidence of financial responsibility to peace officer); 502.473(b) (operator of motorcycle must display registration insignia).

Although Cohea testified that she arrested Brown due to the outstanding warrants, we are not forced to adopt that rationale—the trial court's decision[1] will be affirmed if it is correct under any applicable theory. *Arguellez v. State*, 409 S.W.3d 657, 662–63 (Tex. Crim. App. 2013). Police had probable cause to arrest Brown for any of the traffic offenses she committed within Cohea's view. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001) (holding that officer may arrest driver who commits traffic offense in his presence without violating Fourth Amendment); *see also* Tex. Code Crim. Proc. Ann. 14.01(b) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."). Therefore, Brown's arrest and the subsequent inventory search of the lockbox on her motorcycle was justified. *See Lerma v. State*, No. 08-04-00152-CR, 2005 WL 1536281, at \*2 (Tex. App.—El Paso June 30, 2005, no pet.) (not designated for publication) (holding arrest made pursuant to missing warrant was nonetheless proper where defendant had committed three traffic violations in officer's view).

Because Cohea could have arrested Brown for the traffic offenses committed within her view, Brown's Fourth Amendment rights were not violated by her arrest. Further, because the arrest was valid, a search of Brown's lockbox pursuant to the Kennedale Police Department's inventory policy was permissible. *See Colorado v. Bertine*, 479 U.S. 367, 371, 107 S. Ct. 738, 741 (1987) (holding that inventory search of

---

[1]In its findings of fact, the trial court noted that Brown had been arrested after Cohea discovered that Brown "had additional warrants out of Arlington which were confirmed."

impounded automobile is a reasonable search under the Fourth Amendment). We overrule Brown's first issue.

### IV. Specific Instances of Conduct

In her second issue, Brown claims that the trial court should have allowed her to cross-examine Cohea about a previous incident in which she was found to have been dishonest. Brown specifically claims that her Confrontation Clause rights were violated by this restriction on cross-examination. We disagree—Brown failed to preserve a constitutional claim and any remaining evidentiary claim fails on the merits.

#### A. Factual Background

Before trial, the court granted the State's motion in limine regarding a determination by the University of Texas at Arlington (UTA) Police Department that Cohea had been found to be untruthful in an internal-affairs-related matter. During cross-examination of Cohea, Brown wished to probe this subject, but the trial court prevented her from doing so.

Outside the jury's presence, Brown's attorney questioned Cohea in detail about the incident. According to Cohea, the internal affairs division of the UTA Police Department investigated her and uncovered more than ten statements she made that conflicted with those of other officers. After these findings were sustained, the Department suspended Cohea for twenty days without pay. A year after Cohea finished her suspension, she started working for the Kennedale Police Department.

7

Brown argued that Cohea's testimony was "relevant because it [went to her] trustworthiness" and because "the State has already introduced testimony about the merits of her training and her qualifications to conduct these drug investigations." The trial court denied Brown's request.

## B. Confrontation Clause Preservation

Brown's specific argument on appeal is that the trial court violated her Confrontation Clause rights by not allowing her to cross-examine Cohea about the suspension. We hold that she did not preserve this claim.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). In addition, the error complained of on appeal must comport with the objection the defendant made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

A party must object as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016); *see Lackey v. State*, 364 S.W.3d 837, 843–44 (Tex. Crim. App. 2012) (discussing policies underlying the timeliness requirement); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex.

8

Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (citations omitted)).

Brown failed to preserve her argument that her Confrontation Clause rights were violated. Her argument to the trial court was that evidence of UTA's findings about Cohea's dishonesty were "relevant because it [went to her] trustworthiness" and because the State had elicited testimony about her training and drug-investigation qualifications. That does not comport with the Confrontation Clause argument she now makes on appeal. *See Golliday v. State*, 560 S.W.3d 664, 671 (Tex. Crim. App. 2018) (holding that defendant seeking to admit testimony on relevancy grounds did not preserve claim that his Confrontation Clause rights were violated by exclusion of the testimony); *Class v. State*, No. 02-20-00019-CR, 2021 WL 1685953, at *9 (Tex. App.—Fort Worth Apr. 29, 2021, pet. ref'd) (mem. op., not designated for publication) (holding that defendant's argument that excluded evidence was relevant and showed bias failed to preserve his Confrontation Clause claim). Accordingly, we conclude that Brown has failed to preserve her Confrontation Clause claim for our review.[2]

---

[2]Brown concedes that she did not object on confrontation grounds at trial but claims that she "presented" the argument in a motion for new trial. We disagree. The motion-for-new-trial stage is too late to timely preserve a Confrontation Clause

**C. The Evidence was Properly Excluded Under the Rules of Evidence**

Even if Brown's issue on appeal comported with her argument at trial—relevance—we would still find no error in the trial court's decision to exclude evidence of Cohea's past dishonesty. According to our Rules of Evidence, specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than for conviction of a crime as provided in Rule 609, may neither be inquired into on cross-examination of the witness nor proved by extrinsic evidence. Tex. R. Evid. 608(b). Evidence that the internal affairs division of the UTA Police Department investigated Cohea, concluded that she made statements in a report that conflicted with the statements of other officers, and imposed a twenty-day suspension on her is exactly the sort of "instance of conduct" evidence that Rule 608(b) prohibits. *See Harper v. State*, No. 14-19-00736-CR, 2021 WL 5183571, at *7 (Tex. App.—Houston [14th Dist.] Nov. 9, 2021, no pet.) (mem. op., not designated for publication) (holding that trial court acted within its discretion in excluding police officer's internal affairs file that showed prior acts of deception); *Freeman v. State*, 413 S.W.3d 198, 206 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding that evidence arresting officer was untruthful during a prior incident "is exactly the type of evidence made inadmissible by Rule 608(b)"); *see also Hammer v. State*, 296 S.W.3d 555,

---

complaint. *See Torres v. State*, 424 S.W.3d 245, 255–56 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

563 (Tex. Crim. App. 2009) ("Our state evidentiary rules frown on unnecessary character assassination."). We overrule Brown's second issue.

## V. Conclusion

Having overruled both of Brown's issues, we affirm the judgment of the trial court.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 8, 2024