Thomas Jack **HALEY**, Appellant,

v.

**The STATE of Texas,** Appellee.

No. 45015.

Court of Criminal Appeals of Texas.

May 24, 1972.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of marihuana where the punishment was assessed at 5 years by the court following a verdict of guilty.

In his sole ground of error, appellant complains of the admission into evidence of a baggie of marihuana which he contends was the fruit of an illegal arrest, search and seizure. See Fourth and Fourteenth Amendments, United States Constitution; Article I, § 9, Vernon's Ann.Tex. Const.; Article 38.23, Vernon's Ann.C.C.P.

Dallas City Police Officer G. C. Cox testified that about 2 a. m. on June 18, 1970, he responded to a disturbance call in the 5200 block of Bryan in that city; and that immediately upon arrival, Sgt. Heard, who was already on the scene, instructed him and Officer Maxwell to follow a car that was just then leaving the scene "fairly quickly." Heard stated the disturbance possibly involved a gun; that the parties in the car had apparently sneaked past him

and he thought there might be a gun in the departing vehicle.

Cox related that he and Officer Maxwell followed the Chevrolet convertible containing three men and that when the threesome saw the approaching police vehicle, they appeared to bend down in the seat "as if they were hiding something that they didn't want us to find." The vehicle was stopped and the three men, including the appellant who was riding in the rear seat, were requested to step out of the car. The vehicle was searched; the individuals were "patted down" and their identifications were obtained. No weapon was found. A radio call revealed there were two outstanding alias arrest warrants for traffic offenses for the appellant. The appellant was taken into custody and his companions released.

At the police station around 3 a. m., a search of appellant by a jail guard in Officer Cox's presence revealed a baggie of marihuana in appellant's left boot.

A chain of custody of the contraband was established and a chemical analysis showed that the substance was 24.639 grams of marihuana.

■ In response to appellant's contention, it is observed that having arrived at the scene of a disturbance call at 2 a. m., Officer Cox was advised by his Sgt., another police officer already investigating the call, that a car just then pulling away possibly contained individuals involved in the disturbance and possibly possessing a gun. As he followed, he observed the furtive gestures earlier described.

Article 487, Vernon's Ann.P.C., provides, in part, that:

". . . Any peace officer who shall fail or refuse to arrest such person (unlawfully carrying arms) on his own knowledge, or upon information from some reliable person, shall be fined not exceeding five hundred dollars."

In light of the circumstances presented, probable cause clearly existed for the arrest, the search of the vehicle and the "pat down" of the individuals. See Kemp v. State, 466 S.W.2d 764 (Tex.Cr.App.1971), and cases there cited. See also Muggley v. State, 473 S.W.2d 470 (Tex.Cr.App.1971).

It is not, however, this search of which the appellant complains, but the one at the jailhouse.

■ Noting that the officer had probable cause to stop and detain appellant under the circumstances described, cf. Baity v. State, 455 S.W.2d 305 (Tex.Cr.App. 1970), we also observe that Article 2.24, Vernon's Ann.C.C.P., provides in part:

"Whenever a peace officer has reasonable grounds to believe that a crime has been committed, he may stop any person whom he reasonably believes was present and may demand of him his name and address. . . ."

Having determined appellant's identification, it was learned that there were outstanding arrest warrants for him and he was taken into custody pursuant to such warrants. No contention is made that the arrest warrants were invalid and there was no necessity for the officer to have such warrants in his possession at the time of the arrest. Article 15.26, Vernon's Ann.C. C.P.; Cook v. State, 470 S.W.2d 898 (Tex.Cr.App.1971); Pangarakis v. State, 468 S.W.2d 79 (Tex.Cr.App.1971).

■ Being under legal arrest by virtue of such warrants, appellant is in no position to complain of the search of his person by the jail guard prior to being placed in jail, which search revealed the marihuana introduced into evidence. Cf. Byrd v. State, 447 S.W.2d 936 (Tex.Cr.App.1969).

The judgment is affirmed.