COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ARMANDO LERMA,                                        )                  No. 08-04-00152-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  384th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D00124)

O P I N I O N

            Armando Lerma appeals the trial court’s denial of his motion to suppress. Appellant was
charged with possession of cocaine in an amount less than 200 grams but more than 4 grams. He
pled guilty and was sentenced to five years community supervision and a $500 fine. The trial court
certified Appellant’s right to appeal. Finding no error, we affirm.
FACTUAL SUMMARY
            El Paso Police Officer Christopher Miers was working with his partner, Hector Cordova,
around dusk on October 5, 2002 when they initiated a traffic stop on Kansas Street near downtown
El Paso. Miers observed the vehicle stop with its front end in the intersection committing a stop line
violation. Upon taking a closer look, Miers discovered that the vehicle did not have a front license
plate and that the driver was not wearing a safety belt. He described the vehicle as an older model
white two-door Pontiac. Miers approached the driver, identified as Appellant, and asked for license
and proof of financial responsibility. Appellant produced both and Miers returned to his car, where
Cordova was waiting, to run the license for outstanding warrants. Appellant had an outstanding
traffic warrant. No citations were issued for the traffic violations. 
            Miers believed that Cordova confirmed the warrant, asked Appellant to step out of his car,
and placed him under arrest. Cordova testified he informed Miers that Appellant had an outstanding
warrant and that Miers contacted Appellant and placed him under arrest. The officers then called
for a wrecker in order to secure the vehicle. A narcotics canine unit was also requested to search the
vehicle. Appellant was handcuffed and placed in the patrol car. 
            Appellant’s car was searched when the canine unit arrived. Miers claimed that the search
was conducted incident to arrest. The dog first alerted on the driver’s side door area and was then
allowed inside the vehicle where he alerted to the glove box. Miers opened the glove box and
discovered an envelope with small bundles of a white powdery substance that later tested positive
for cocaine. 
MOTION TO SUPPRESS
            In his sole point of error, Appellant contends that the State exceeded the scope of the
investigatory stop and that his continued detention was not based on probable cause. He complains
that the officers maintained that he was arrested for the outstanding warrant but neither one of them
admitted to being the arresting officer. Appellant suggests he is not challenging the State’s failure
to produce the warrant at the hearing but rather the lack of reasonable suspicion after the initial stop
to detain him and search his vehicle.
Standard of Review
            We review a trial court’s ruling on a motion to suppress using the bifurcated standard of
review articulated in Guzman v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997). See Carmouche v.
State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex.App.--El
Paso 2002, pet. ref’d). Under this standard, we afford almost total deference to the trial court’s
express or implied determination of historical facts and review de novo the court’s application of the
law pertaining to search and seizure to those facts. State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000); Carmouche, 10 S.W.3d at 327; Krug, 86 S.W.3d at 765. As there were no
explicit findings of historical facts by the trial court, the evidence must be viewed in a light most
favorable to the trial court’s ruling. Carmouche, 10 S.W.3d at 327.
Propriety of the Traffic Stop, the Arrest and the Search
            When a traffic violation is committed within an officer’s view, the officer may lawfully stop
and detain the person for the traffic violation. Tex.Code Crim.Proc.Ann. art. 14.01(b) (Vernon
2005); Tex.Transp.Code Ann. §§ 543.001 (Vernon 1999); Walter v. State, 28 S.W.3d 538, 542
(Tex.Crim.App. 2000); McVickers v. State, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993). No
additional probable cause or reasonable suspicion is required. See Walter, 28 S.W.3d at 542. During
the stop, an officer is entitled to request a driver’s license, proof of financial responsibility, and
registration and run a computer check on the information provided. See United States v. Brigham,
382 F.3d 500, 509 (5th Cir. 2004) (en banc); Kothe v. State, 152 S.W.3d 54, 66-67 (Tex.Crim.App.
2004). 
            If the computer check shows an outstanding warrant for the driver’s arrest, the officer has
probable cause to arrest the driver. See Haley v. State, 480 S.W.2d 644, 645 (Tex.Crim.App. 1972);
Oliver v. State, 10 S.W.3d 411, 416 (Tex.App.--Waco 2000, no pet.); Tex.Code Crim.Proc Ann.
art. 15.26 (Vernon 2005). Similarly, if an officer observes at traffic violation, he has probable cause
to arrest the driver. Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149
L.E.2d 549 (2001); Tex.Code Crim.Proc.Ann. art. 14.01(b). 
            When there has been a lawful custodial arrest of the occupant of a vehicle, the police may
as a contemporaneous incident of the arrest search the passenger compartment of that vehicle. See
Williams v. State, 726 S.W.2d 99, 101 (Tex.Crim.App. 1986), citing New York v. Belton, 453 U.S.
454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). 
            Here, the officers contended that Appellant was arrested due to the outstanding traffic
warrant. See Haley, 480 S.W.2d at 645. However, if the State seeks to justify an arrest based on an
arrest warrant, it must produce both the warrant and the supporting affidavit in the trial court. 
Etheridge v. State, 903 S.W.2d 1, 19 (Tex.Crim.App. 1994). The State failed to do so here. 
Nevertheless, Appellant was pulled over for committing three traffic offenses: (1) stop line violation,
(2) seatbelt violation, and (3) license plate violation. See Tex.Transp.Code Ann. §§ 544.010(c)
(stop line violation), 545.413(a) (seatbelt violation), 502.404(a) (license plate violation) (Vernon 
1999). The officer clearly had probable cause for arrest. See Atwater, 532 U.S. at 354, 121 S.Ct.
at 1557, 149 L.E.2d at 549. Appellate courts should sustain a trial court’s ruling on a motion to
suppress if it is correct on any applicable legal theory. Howard v. State, 932 S.W.2d 216, 218
(Tex.App.--Texarkana 1996, pet. ref’d). Regardless of whether the outstanding traffic warrant was
produced at the hearing, the officers had probable cause to arrest Appellant for his traffic violations. 
Once the officers had probable cause to arrest Appellant, then they could search his car incident to
arrest. See Williams, 726 S.W.2d at 101, citing New York v. Belton, 453 U.S. at 460, 101 S.Ct. at
2864, 69 L.Ed.2d at 768. 
            Appellant next argues that he was not under arrest when the officers asked him to step out
of his car and requested the canine search unit. Officers Miers and Cordova both testified that
Appellant was arrested prior to the canine search of Appellant’s vehicle. The officers’ testimony was
merely contradictory as to which one made the actual arrest. The trial court is the sole trier of fact
and judge of the credibility of the witnesses including what weight if any is to be given to their
testimony. See State v. Ballard, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999); Bradley v. State, 960
S.W.2d 791, 800 (Tex.App.--El Paso 1997, pet. ref’d). Consequently, the trial court may choose to
believe or disbelieve any or all of a witness’s testimony. See Villarreal v. State, 935 S.W.2d 134,
138 (Tex.Crim.App. 1996). 
            Having found that the officers had probable cause to arrest Appellant and search his vehicle,
we find no abuse of discretion in the denial of the motion to suppress. Accordingly, Appellant’s sole
point of error is overruled, and the judgment of the trial court is affirmed. 


June 30, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)