Opinion issued August
18, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00058-CR

01-10-00059-CR

———————————

Robert Lloyd Beaudoin, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 228th District Court


Harris County, Texas



Trial Court Case Nos. 1197863, 1197864

 



 

 

Memorandum
Opinion

Appellant
Robert Lloyd Beaudoin pled guilty to possession with intent to deliver a controlled
substance.  The trial court assessed
punishment at fifteen years’ confinement. 
Appellant appeals the denial of his motion to suppress evidence seized
from his vehicle in a warrantless search. 

          We affirm.

BACKGROUND

          Very early
one morning in January 2009, while patrolling the Coppertree Apartments parking
lot, Houston police officers Jones and Lisle spotted a vehicle headed the
opposite direction from them.  When the
vehicle exited the parking lot, it did not use its turn signal before making
the left turn onto Veterans Memorial and crossed two lanes of southbound traffic
and a median to enter the far right, northbound traffic lane.  

          The
officers followed the vehicle.  They
entered the license plate into the mobile data transmitter (“MDT”) in their
patrol car, which showed a City of Houston warrant in appellant’s name.  

          The
police officers stopped appellant’s car and Officer Jones asked for appellant’s
identification, by which the officers identified the name on the driver’s  ID as the same on the warrant response on the
vehicle.  Officer Lisle testified that
they then placed appellant under arrest for the traffic violations, handcuffed
appellant and placed him in the back of the police car.  The officers subsequently confirmed seven outstanding
warrants for appellant.

          Neither
of the two passengers in the car with appellant carried a driver’s license, and
the officers impounded the vehicle.  The
inventory search attendant to the car’s impoundment yielded a bag containing almost
four kilos of hydrocodone and approximately 226 grams of Xanax.  

Appellant
filed a pretrial motion to suppress the results of the inventory search.   Upon the hearing of that motion, appellant’s
attorney elicited testimony from both officers that they had arrested appellant
for his failure to use his turn signal when turning from the apartment complex
to the public street.  Appellant’s
attorney argued that no turn signal was required for such a turn from private
property to a public highway and, thus, the officers had lacked probable cause for
appellant’s arrest.  The trial court
denied the motion to suppress.  The trial
judge later signed findings of fact and conclusions of law stating, in pertinent
part, that he found probable cause for the arrest and that, even if a turn
signal is not required for turning out of a private driveway, “the turn into
the far lane is another traffic violation DEFENDANT ROBERT BEAUDOIN could have
been arrested for, as well as the warrants for his arrest.”  

STANDARD OF REVIEW

 

          We review the trial court’s ruling on a motion to suppress
for abuse of discretion.  State v. Dixon, 206 S.W.3d 587, 590
(Tex. Crim. App. 2006).  We will affirm
the ruling, therefore, “if it is reasonably supported by the record and is
correct under any theory of law applicable to the case.”  Ramos
v. State, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).  Because the trial court is “uniquely
situated” to observe the demeanor and the appearance of witnesses and is “the
sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony,” we must view the evidence in the light that most
favors the ruling.  Wiede v. State, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007) (citing State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (additional citations
omitted)).  Those mixed questions of law
and fact that turn on the credibility and demeanor of a witness are reviewed
under an almost-total-deference standard, and those mixed questions of law and
fact that do not turn on the
credibility and demeanor of a witness are reviewed de novo.  Sims v. State, 84 S.W.3d 805, 807 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
Where the issue turns upon the application of the law to historical
facts, our review is de novo.  Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). 

NO ERROR IN DENYING
MOTION TO SUPPRESS

          In his sole issue, appellant claims that the trial court
erred in denying appellant’s motion to suppress.  Appellant argues that he was arrested solely
on the basis of having failed to use his traffic signal when turning left out
of the apartment complex, but that no traffic signal was required because he
was turning from private property to a public highway.  Accordingly, appellant contends that there
was no probable cause to stop or arrest him and thus the trial court should
have granted his motion to suppress.

In its
Findings of Fact and Conclusions of Law, the trial court found three bases for
the arrest of appellant:  1) the
left-hand turn without a turn signal; 2) the turn into the curb lane instead of
the left lane; and 3) the outstanding warrants for appellant’s arrest.  The outstanding warrants against appellant provided
probable cause for his arrest, as discussed below.

A.   The Initial Detention

          Trial
testimony established that, prior to stopping appellant, the officers entered his
license plate on their MDT and discovered a warrant, and thus had reasonable
suspicion to justify an investigative stop. 
Hurtado v. State, 881 S.W.2d
738, 742 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  Such reasonable suspicion need not need to
rise to the level of probable cause to believe appellant was the subject of one
or more of the warrants in order to authorize an officer to stop appellant’s
car.  Id.
(citing Stone v. State, 703
S.W.2d 652, 654 (Tex. Crim. App. 1986)).  
Accordingly, we conclude that the initial temporary detention was
legal.  

 

 

 

B.   The Arrest 

          Once
stopped, the officers requested that he produce his driver’s license.[1]  A computer check promptly verified the existence
of seven warrants for appellant.  

          Prior
to verification of these warrants, however, appellant had been arrested and
placed in the back of the police car. Both officers testified that appellant’s
arrest was for traffic violations.  We
need not, however, limit our review to the violations that the officer cited in
executing the stop.  See Singleton v. State, 91 S.W.3d 342, 347 (Tex. App.—Texarkana
2002, no pet.).  Instead, we must sustain
the judge’s decision if it is correct on any theory of law applicable to the
case.  See Ross, 32 S.W.3d at 856.

Attendant
to any stop, law enforcement may request a driver’s license, proof of financial
responsibility, and registration and may verify the information via computer. See United States v. Brigham, 382 F.3d
500, 509 (5th Cir. 2004); Kothe v. State,
152 S.W.3d 54, 66–67 (Tex. Crim.
App. 2004). If such a verification reveals outstanding warrants, probable to cause
to arrest exists.  Haley v. State, 480 S.W.2d 644, 645 (Tex. Crim. App. 1972); Oliver v. State, 10 S.W.3d 411, 416 (Tex.
App.—Waco 2000, no pet.); Tex. Code
Crim. Proc. Ann. art. 15.26 (West 2005). 
Thus the discovery of outstanding warrants justifies an arrest even
after an earlier illegal detention. See
Johnson v. State, 496 S.W.2d 72
(Tex. Crim. App. 1973) (initial arrest, even if illegal, did not vitiate later
arrest for outstanding warrants).  See also, Jones v. State, 179 S.W.3d
770, 778 (Tex. App.—Houston [1st Dist.] 2005), rev’d on other grounds, 223 S.W.3d 379 (Tex. Crim. App. 2007) (“If
an officer discovers a valid warrant for an individual’s arrest and the officer
arrests the individual under the authority of that warrant, any evidence found
during a subsequent search incident to the arrest is admissible even if any
illegality occurs in the initial detention.”); Sims, 84 S.W.3d at 810 (marijuana discovered after legal arrest
for outstanding warrant admissible despite earlier illegal detention).

          Here,
the police officers’ initial computer search revealed one of appellant’s  outstanding warrants and provided reasonable
suspicion for the initial stop.  The
officers then testified that they arrested appellant for traffic violations.
After this arrest, they determined he actually had seven warrants.  At that point, regardless of the viability of
any traffic violations they may have witnessed, appellant’s arrest was
supported by probable cause.  As the
illegal drugs were discovered pursuant to an inventory search undertaken after
the confirmation of the valid arrest warrants, they were admissible as
evidence.   Jones, 179 S.W.3d at
778.  We conclude that the trial court
did not abuse its discretion when it denied appellant’s motion to suppress.




 

CONCLUSION

          We overrule appellant’s sole issue and affirm the judgment of the trial
court.  

 

 

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           See Tex. Transp. Code Ann. § 521.025(b) (West Supp. 2010).