02-11-022-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00022-CR

 

 


 
 
 Clay Benton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.    
Introduction

          In
a single point, Appellant Clay Benton appeals his conviction of possession of a
controlled substance, less than one gram.  We affirm.

II.  
Factual and Procedural Background

          Benton
negotiated a plea bargain and entered a plea of guilty in exchange for six months’
confinement in state jail after the trial court denied his motion to suppress. 
In his motion to suppress, Benton argued that while he was a passenger in a
vehicle, he was seized without any reasonable suspicion for the seizure “and/or
without reasonable suspicion for further detention after the reason for the
traffic stop was accomplished” and arrested without sufficient probable cause
for the arrest.

          Benton
and Pilot Point Police Officer Reese Dunn testified at the hearing on the
motion.  Officer Dunn testified that on November 25, 2008, he initiated a
traffic stop at approximately 9 p.m. after he saw a 2008 Chevrolet Tahoe travelling
with defective tail lights on its trailer.  He made contact with the car’s
owner and driver, Thomas Crane, and obtained identification from Crane and
Benton, Crane’s passenger, before returning to his squad car.  While running a
warrant check, he wrote out a warning for defective equipment.  Officer Dunn’s warrant
check revealed that Benton had a warrant for his arrest, so he went back to
Crane’s vehicle, “finished up [his] business with the driver, and then [he] removed
[Benton] from the vehicle.”

          When
Officer Dunn removed Benton from the vehicle to arrest him for the warrant, he
noticed two small baggies in plain view on the floorboard between the passenger
seat and the passenger door as he placed Benton in handcuffs.  The baggies
contained a white crystal substance that Officer Dunn believed to be methamphetamine.[2]
 Officer Dunn stated, “The Defendant was arrested for the warrant and then I
collected the evidence and charged him with possession.”  He agreed that he had
probable cause to arrest Benton for possession of a controlled substance when
he saw the two baggies containing the white powdery substance.  Officer Dunn
found another baggie and drug paraphernalia in the side pouch of a briefcase on
the vehicle’s rear floorboard; the briefcase belonged to Crane, the driver.

          Benton
said that he had been helping Crane with yard work at Crane’s property located
on Lake Ray Roberts until he started feeling sick and developed a migraine
headache.  He did not recall how much time elapsed between Officer Dunn requesting
his identification and Officer Dunn informing him that he was arresting him for
a warrant out of Collin County.

          Benton
said that after Officer Dunn arrested him, the officer came back to him with
two baggies and said, “These are yours.”  Benton said that he replied, “No.  I
don’t know what you’re talking about.”  He testified that he had no clue what
was going on and that the officer did not tell him where he found the baggies. 
Benton said that he did not see any baggies in his area of the car on the way
to and from the lake that day and that the baggies were not his.  Benton
acknowledged that he knew what baggies of methamphetamine look like, stating, “I’m
familiar with them, yes.”

          The
State argued that the officer had probable cause to make the stop because of
the defective equipment on the trailer, that the officer could arrest Benton
based on the warrant, and that when the officer removed Benton from the car, he
saw the drugs within the immediate area between Benton and the passenger door,
“[s]o, therefore, he had links as far as proximity to the drugs to make the
arrest for—for this particular violation.”

          Defense
counsel argued that the State could not validly prove there was probable cause
to pull over the vehicle and reasonable suspicion to arrest Benton and later to
charge him with possession of those narcotics because the car and briefcase
belonged to Crane.  The trial court denied Benton’s motion.  Benton then
plea-bargained and signed a judicial confession to the offense.  This appeal
followed.

III. 
 Motion to Suppress

          In
his sole point, Benton argues that the officer lacked reasonable suspicion to
request his identification and that the State failed to prove that he exercised
control, management, or care over the two baggies of methamphetamine or that he
knew that the contents were methamphetamine.

A. 
Standard of Review

          We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total deference to a trial court’s rulings on questions
of historical fact and application-of-law-to-fact questions that turn on an
evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Amador, 221 S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002).  We must uphold the trial court’s ruling if it
is supported by the record and correct under any theory of law applicable to
the case even if the trial court gave the wrong reason for its ruling.  State
v. Stevens, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz v.
State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541
U.S. 974 (2004).

B. 
Analysis

          Benton
first argues that Officer Dunn was not allowed to question Benton “regarding
his identity without separate reasonable suspicion” and that doing so “went
beyond the scope of the traffic stop.”

          The
United States Supreme Court has held that a lawful roadside stop begins when a
vehicle is pulled over for investigation of a traffic violation and that the
temporary seizure of driver and passengers ordinarily continues and remains
reasonable for the duration of the stop.  Arizona v. Johnson, 555 U.S.
323, 333, 129 S. Ct. 781, 788 (2009).  Further,

[n]ormally, the stop
ends when the police have no further need to control the scene, and inform the
driver and passengers they are free to leave.  An officer’s inquiries into
matters unrelated to the justification for the traffic stop . . . do not
convert the encounter into something other than a lawful seizure, so
long as those inquiries do not measurably extend the duration of the stop.

Id.,
129 S. Ct. at 788 (citations omitted) (emphasis added).  To make the traffic
stop lawful, the police need not have, in addition to the vehicular violation,
“cause to believe any occupant of the vehicle is involved in criminal
activity.”  Id. at 327, 129 S. Ct. at 784 (noting, however, that to
justify a patdown of driver or passenger during the stop, police must harbor
reasonable suspicion that the person subjected to the frisk is armed and
dangerous).  Additionally, the Court has held that when a lawful detention is
not prolonged by questioning, there is no additional seizure within the meaning
of the Fourth Amendment.  Muehler v. Mena, 544 U.S. 93, 101, 125 S. Ct.
1465, 1471–72 (2005) (stating that officers already lawfully detaining
individual did not need reasonable suspicion to ask her for her name, date and
place of birth, and immigration status when the questioning did not extend the
time the individual was detained);[3] Baldwin v. State,
278 S.W.3d 367, 372 (Tex. Crim. App. 2009) (stating that an officer may ask a
defendant to identify himself during a valid investigative detention but that
he may not search a defendant’s person to obtain or confirm his identity); Overshown
v. State, 329 S.W.3d 201, 206 (Tex. App.—Houston [14th Dist.] 2010, no
pet.) (holding that because asking vehicle’s passenger for his name did not
unreasonably extend the duration of the traffic stop, the statement was not
obtained as a result of a Fourth Amendment violation and should not be
suppressed); Roberson v. State, 311 S.W.3d 642, 646 (Tex. App.—Eastland
2010, no pet.) (stating that when an officer is authorized to stop a vehicle,
he also has authority to ask driver and passengers for identification and to
check for outstanding warrants).  But cf. St. George v. State,
237 S.W.3d 720, 726 (Tex. Crim. App. 2007) (“Absent reasonable suspicion,
officers may conduct only consensual questioning of passengers in a vehicle.”).

          Here,
Officer Dunn had a lawful reason—defective tail lights on Crane’s trailer—to
initiate the traffic stop.  See Johnson, 555 U.S. at 327, 333,
129 S. Ct. at 784, 788 (stating that in a traffic-stop setting, a lawful
investigatory stop occurs when it is lawful for police to detain an automobile
and its occupants pending inquiry into a vehicular violation).  Officer Dunn’s
request for identification from Benton could not have measurably extended the
duration of the stop because he asked for Crane’s identification at the same
time, and he ran the warrant check on both men while writing out Crane’s
warning for defective equipment.  Because the detention was lawful and the
request for Benton’s identification did not prolong the detention, we overrule
this portion of Benton’s sole point.  See Mena, 544 U.S. at 101,
125 S. Ct. at 1471–72.

          With
regard to probable cause, in his written motion to suppress, Benton argued that
“the Defendant was arrested without sufficient probable cause for the arrest.” 
However, Officer Dunn testified that he arrested Benton for the outstanding warrant
first, for which he had probable cause to make an arrest, before he charged Benton
with possession.  See Haley v. State, 480 S.W.2d 644, 645 (Tex. Crim.
App. 1972) (stating that probable cause “clearly existed” for arrest when
warrant check revealed outstanding warrants); Brooks v. State, 76 S.W.3d
426, 434 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (“[T]he fact that appellant
had several outstanding warrants gave the officers probable cause to arrest
him.”).  Further, when Officer Dunn viewed the drugs in plain view where Benton
had been sitting, he also had probable cause to arrest Benton for possession of
a controlled substance.  See, e.g., Tucker v. State, 183 S.W.3d
501, 505, 509–11 (Tex. App.—Fort Worth 2005, no pet.) (applying “affirmative
links” factors and concluding that the evidence was sufficient to support
finding that back seat passenger possessed the drugs when he was the only
person sitting in the back seat and the drugs were in plain view near where he
had been seated for the entire car ride).

          Finally,
to the extent that Benton argues that the evidence is insufficient to
affirmatively link him to the methamphetamine found where he had been sitting in
the vehicle and sustain his conviction, a challenge to the sufficiency of the
evidence to support a conviction is not the proper subject of an appeal from a
denial of a motion to suppress evidence.  See Montoya v. State,
No. 02-03-00151-CR, 2004 WL 814957, at *1 (Tex. App.—Fort Worth Apr. 15, 2004,
no pet.) (mem. op., not designated for publication) (citing Avila v. State,
884 S.W.2d 896, 897–98 (Tex. App.—San Antonio 1994, no pet.)); see also
Tex. R. App. P 25.2(a)(2), (d).  And by entering a guilty plea and making a
written judicial confession, Benton admitted every element of the charged offense. 
See Puente v. State, 320 S.W.3d 352, 358 & n.23 (Tex. Crim. App.
2010) (stating, in a felony case that “[a] written judicial confession provides
evidentiary support for a plea of guilty to the charges alleged in the
indictment.”).  We overrule Benton’s sole point.

IV.
 Conclusion

          Having
overruled Benton’s sole point, we affirm the trial court’s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 26, 2012









[1]See Tex. R. App. P. 47.4.





[2]A field test confirmed
that the baggies contained methamphetamine.





[3]In Mena, officers
obtained a search warrant and detained Mena and several others in handcuffs
during a search of the premises she and the others occupied.  544 U.S. at
95–96, 125 S. Ct. at 1468.  During the detention, which the Court held was
reasonable, the officers asked for each detainee’s name, date of birth, place
of birth, and immigration status.  Id. at 96, 100–101, 125 S. Ct. at
1468, 1471.